JEANNE M. SCULLEY, APPELLANT, v. LARRY T. SULLIVAN, SR., ET AL., APPELLEES.
108 N. W. 2d 82

Filed March 3, 1961. No. 34872.

*William S. Padley,* for appellant.

*Cook & Cook,* for appellee Motor Vehicle Cas. Co.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

YEAGER, J.

This is a proceeding in garnishment in an action by Jeanne M. Sculley, plaintiff and appellant herein, against Larry T. Sullivan, Sr., and Larry T. Sullivan, Jr., defendants, to recover damages for personal injuries and damages to property by the plaintiff from the defendants. That action resulted in a judgment in favor of the plaintiff for $1,804.16 and costs in the amount of $23.55. The action for damages grew out of a collision between an automobile operated by Larry T. Sullivan, Jr., and one operated by the plaintiff on December 15, 1953. The automobile operated by Larry T. Sullivan, Jr. was owned by Larry T. Sullivan, Sr., who had obtained liability insurance which covered liability for operation by Larry T. Sullivan, Jr., in the amount of $5,000 for bodily injury to one person and $5,000 for property damage. The designated policy period was from September 19, 1953, to September 19, 1954. The premium, which was paid, was $29.70. The insurance was procured from Motor Vehicle Casualty Company, an insurance corporation, garnishee and appellee here. The insurance was procured by and through the agency of Bernard A. Norsworthy of Gothenburg, Nebraska, who was carrying on his business in the name of Norsworthy Agency. The premium on the insurance was paid to Norsworthy.

A notice of cancellation of the policy of insurance, apparently originating at Elmhurst, Illinois, bearing the date of October 29, 1953, was sent by mail to Larry Sullivan. The declared effective date of cancellation was November 6, 1953. The notice bears no signature but from type which is a part of the notice it appears to have been sent out by a general agency of the insurance

company located at Fremont, Nebraska, at the request of the company. The notice stated that there was a return premium of $29.70. This was, as is clear, due Larry T. Sullivan, Sr., upon cancellation. No return of premium however accompanied the notice. A copy of this notice, as he believes, was sent to Norsworthy. The record discloses, and about this there is no controversy, that neither the company nor Norsworthy ever refunded the premium.

Norsworthy was promptly notified of the accident which resulted in the judgment in favor of plaintiff and against the defendants. The insurance company did not defend the action. After the judgment was rendered some portion of the amount thereof was paid by Larry T. Sullivan, Sr. The amount or extent of such payment is not disclosed by the record here.

Following the part payment of the judgment the plaintiff in appropriate manner instituted garnishment proceedings in that action to recover from the insurance company, which will be hereinafter referred to as the appellee, the balance of the judgment with interest and costs.

The garnishment proceeding is predicated on a contention that the policy of insurance issued by the appellee to Larry T. Sullivan, Sr., was in full force and effect at the time of the accident which was the basis of the judgment, and that notwithstanding the notice it had not been effectually canceled, and thus the appellee was liable for the payment of the judgment.

There is no dispute here about the question of whether or not the appellee is liable if the policy of insurance was in force and effect. The appellee effectually concedes that it is liable if the policy was in force and effect.

The only question for determination is that of whether or not the policy of insurance was canceled by the notice which has been described, or by the notice coupled with the acts of the parties and of Norsworthy, who

acted as agent for the appellee at the time of the issuance of the policy.

The parties are in accord that the following from section 44-379, R. R. S. 1943 (Reissue of 1952), was in full force and effect at all times of concern in this case and that under it, in order to effect the cancellation of a policy of insurance by the insurer, it was necessary that there be a tender back to the insured of the paid unearned premium: "Any company or association also reserves the right to cancel any policy or any part thereof by tendering to the assured the paid unearned premium." See, also, German Ins. Co. v. Rounds, 35 Neb. 752, 53 N. W. 660; Petersen v. Ohio Casualty Ins. Co., 131 Neb. 128, 267 N. W. 393; Schnell v. United Hail Ins. Co., 145 Neb. 768, 18 N. W. 2d 112.

The record discloses that Norsworthy received the premium for and on behalf of the appellee. There is no evidence that it ever returned or directed the return of the unearned premium.

The substantial theory of the appellee however is that the premium must be treated as having been in the hands of Norsworthy and held by him as agent for Larry T. Sullivan, Sr., with his knowledge and consent for the purpose of applying it in payment of other insurance, because of conduct of Larry T. Sullivan, Sr., and Norsworthy after notice of cancellation had been received, coupled with a suggestion, not in anywise supported by competent evidence, that although the premium had been received by Norsworthy it had not been paid or accounted for to the appellee. No witness testified that the premium had not been accounted for by Norsworthy to the appellee.

The only testimony bearing on the question of whether or not Norsworthy had accounted to the appellee for the premium was in substance that by custom he made transmittals monthly and that it was possible that he had not transmitted this premium but in point of fact he did not know.

As to what occurred between Larry T. Sullivan, Sr., and Norsworthy, it is disclosed that after receiving the notice the two had a conversation or conversations relative to the cancellation and Norsworthy promised to get other insurance. There is no competent evidence that in this was involved a question of the source of premium for new or other insurance. Again there is testimony to the effect that there was a possibility that this was discussed, but if so there was no memory of it by the person who gave the testimony.

In the light of this state of the record the conclusion is inevitable that there is no competent evidence on which to base a finding that the appellee either actually or constructively paid or tendered the unearned premium on the policy of insurance which was issued by the appellee to Larry T. Sullivan, Sr. The garnishment should have been sustained and a judgment rendered in favor of the plaintiff for the amount due and unpaid on the judgment of the plaintiff against the defendants with interest at the rate of 6 percent per annum from the date of the judgment, the costs of that action, and the costs of this garnishment proceeding.

The bill of exceptions indicates that the defendant Larry T. Sullivan, Sr., has paid a part of the judgment to the plaintiff. She is of course not entitled to recover that portion from the appellee.

The judgment of the district court is reversed and the cause remanded to the district court with directions to render judgment in favor of the plaintiff and against the appellee in accordance with the conclusion reached in this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.